UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CLAYTON M. CANTRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.    2:06-CR-79-JRG-1 |
| | ) | 2:16-CV-213-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 [Doc. 30]. Petitioner bases his request for relief on *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause

of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague

[*Id.*]. The United States responded in opposition on August 19, 2016 [Doc. 34]; Petitioner

replied in turn on October 24, 2016 [Doc. 37]. For the reasons that follow, Petitioner's § 2255

petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.      **BACKGROUND**

In October of 2006, Petitioner stole a rifle from his parents' house and sold it to another

individual in exchange for drugs [Presentence Investigation Report (PSR) ¶¶ 9–10]. He

subsequently pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1)

[*Id.* ¶¶ 1–2]. Based on seven prior North Carolina breaking and entering convictions [*Id.* ¶¶ 32,

44, 48], seven prior Tennessee aggravated burglary convictions [*Id.* ¶¶ 41, 43, 45–46], and one

prior Tennessee aggravated robbery conviction [*Id.* ¶ 47], the United States Probation Office

deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen year mandatory

minimum.  In accordance with that designation, this Court sentenced Petitioner to 210 months'

imprisonment on August 6, 2007 [Doc. 23].  Petitioner did not appeal his conviction or sentence.

Nine years later, on June 24, 2016, Petitioner filed the instant petition based on *Johnson*

[Doc. 30 (challenging ACCA designation)].

## II.    PETITION FOR COLLATERAL RELIEF

### A.    Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in

conviction and sentencing."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Rather, a

petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed

outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the

entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting

*Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly

higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the

proceedings which necessarily results in a complete miscarriage of justice or an egregious error

violative of due process."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B.    Analysis

The petition contains a single ground for collateral relief: the *Johnson* decision removed

North Carolina breaking and entering and Tennessee aggravated burglary from § 924(e)'s

definition of "violent felony" and that, without those convictions, Petitioner no longer has

sufficient predicates for enhancement [Docs. 30, 37].

#### 1.    Propriety of Armed Career Criminal Designation

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a

firearm after having sustained three prior convictions "for a violent felony or a serious drug

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1)

(emphasis added). The provision defines "violent felony" as "any crime punishable by

imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use,

or threatened use of physical force against the person of another" (the "use-of-physical-force

clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-

offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of

physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third

portion of the above definition—the residual clause—was held to be unconstitutionally vague by

the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however,

that its decision did not call into question the remainder of the ACCA's definition of violent

felony—the use-of-physical-force and enumerated-offense clauses. *Id.*.

Seven of the convictions used to designate Petitioner an armed career criminal were for

North Carolina breaking and entering. Thus, the validity of his sentence depends on whether

North Carolina breaking and entering remains a "violent felony" under one of the unaffected

provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015)

(denying petition where conviction qualified as a predicate offense independent of the residual

clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1

(2016).

At all relevant times, North Carolina defined the crime as follows:

(a) Any person who breaks or enters any building with intent to commit any
felony or larceny therein shall be punished as a Class H felon.

(b) Any person who wrongfully breaks and enters any building is guilty of a
misdemeanor and punishable under [North Carolina General Statute §] 14-
3(a).

3

(c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.

N.C. Gen. Stat. Ann. § 14-54 (1991). Despite broad language covering the "entry of any building," the North Carolina Supreme Court held that "entry with consent of the owner of a building, or anyone empowered to give effective consent to entry, cannot be the basis of a conviction under [North Carolina General Statute §] 14-54." *State v. Boone*, 256 S.E.2d 683, 687 (N.C. 1979).

To determine whether a particular offense qualifies as a violent felony under § 924(e), courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation of the statute invariably involves the use, attempted use, or threatened use of violent force or falls within the generic definitions of burglary, arson, or extortion, then the conviction categorically qualifies as a violent felony and the courts' task is complete. It is only when the statute criminalizes conduct in excess of that covered by the use-of-physical-force and enumerated-offense clauses that courts must determine whether the statute is divisible or indivisible. A divisible statute is one that comprises multiple, alternative versions of the crime. *Id.* at 2281. When faced with a divisible statute, courts resort to the "modified categorical approach," consulting "a limited class of documents, such as indictments and jury instructions, to determine which alternative [set of elements] formed the basis of the defendant's prior conviction." *Id.* An indivisible statute is one that contains a single crime, set of elements.

*Mathis*, 136 S. Ct. at 2249. Because the categorical approach is concerned with elements and not the "facts underlying [the] conviction," *Descamps*, 133 S. Ct. at 2285, it is important that courts distinguish between alterative elements—divisible provisions to which the modified categorical approach can be applied—and alternative means for satisfying a single element—indivisible provisions to which it cannot. *Mathis*, 136 S. Ct. at 2253–54. Convictions under an overly broad, indivisible provision are incapable of serving as predicates.

The version of North Carolina General Statute § 14-54 at issue in the instant case is divisible between subsections (a) and (b) because it lists each of those variants in the disjunctive and juries are required to agree on the type of breaking and entering committed. *See, e.g.*, *United States v. Stark*, 307 F. App'x 935, 940 (6th Cir. 2009) (treating variants of North Carolina breaking and entering as distinct criminal offenses). The fact that the provision classifies a violation of subsection (a) as a Class H felony while simultaneously classifying a violation of subsection (b) as a misdemeanor provides additional evidence of divisibility. *See, e.g.*, *Mathis*, 136 S.Ct. at 2256 ("[S]tatutory alternatives [that] carry different punishments . . . must be elements."). The PSR makes clear and Petitioner does not dispute that the breaking and entering offenses used to support his ACCA designation were Class H felonies, i.e., involved violations of North Carolina General Statute § 14-54(a) [PSR ¶¶ 32, 44, 48].[1]

For purposes of § 924(e), the Supreme Court defines "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Binding Sixth Circuit and persuasive Fourth Circuit

---

[1]    Petitioner does not contest the accuracy of the information contained in his PSR, but only the propriety of the Court's decision to use the predicate offenses listed therein as grounds for ACCA enhancement.

authority hold that violations of North Carolina General Statute § 14-54(a) align with the above definition and, as a result, qualify as violent felonies under the enumerated-offense clause. *See United States v. Maness*, 23 F.3d 1006, 1009 (6th Cir. 1994) (deeming North Carolina felony breaking and entering a generic burglary); *Stark*, 307 F. App'x at 940 (same); *see also United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014) (holding that violations of North Carolina General Statute § 14-54(a) categorically qualify as ACCA predicates under the enumerated-offense clause); *United States v. Bowden*, 975 F.3d 1080, 1084–85 (4th Cir. 1992) (emphasizing that, despite the disjunctive "breaks or enters" language in the statute, "entry of a man who enters without breaking [but] with intent to commit a felony or larceny is neither lawful nor privileged, so it must be within *Taylor*"). Because the *Johnson* decision did not affect the enumerated-offense clause, it cannot serve as a basis for vacating, setting aside, or correcting Petitioner's sentence.

In *Mathis*, the Supreme Court held that a prior conviction cannot qualify as a generic form of a predicate violent felony if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former. 136 S. Ct. at 2251–52, 2256–57. Unlike the Iowa statute at issue in *Mathis*, however, the variants of North Carolina breaking and entering at issue here do not contain any "alternate ways of satisfying a single locational element" that fall outside *Taylor*'s definition of generic burglary. Rather, the phrases "dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property" align with generic burglary's elemental requirement that the breaking or entering be of a "building or structure." Thus, similar to *Johnson*, *Mathis* has no impact on the Court's ability to categorize convictions

6

for the felony variant of North Carolina breaking and entering as violent felonies under the enumerated-offense clause.

To the extent that Petitioner argues the definition of "building" contained in North Carolina General Statute § 14-54(c) "sweeps more broadly" than the ACCA's generic definition because it "includes dwellings and non-dwelling buildings [Doc. 30 p. 18], that argument fails because "burglary of a dwelling" is only required by the career offender provision of the Sentencing Guidelines. *See* U.S. Sentencing Manual § 4B1.2(a)(2) (mirroring language of the ACCA's enumerated offense clause with the exception of requiring "burglary of a dwelling"). Petitioner is equally mistaken so far as he suggests North Carolina General Statute § 14-54(a) is "broader" than generic burglary because North Carolina appellate courts have interpreted the provision to cover the breaking and entering of an unoccupied mobile home, *State v. Douglas*, 277 S.E.2d 467, 470 (N.C. App. 1981), and "eight by twelve foot travel trailer," *State v. Taylor*, 428 S.E. 2d 273, 274 (N.C. App. 1993) [Doc. 37 pp. 3–4]. Upon closer inspection, it becomes clear that neither *Douglas* nor *Taylor* expand the relevant definition beyond *Taylor*'s generic demarcation.

The North Carolina Court of Appeals discussed North Carolina General Statute § 14-54(c)'s definition of "building" at length in *State v. Bost*, 266 S.E.2d 632, 634–35 (N.C. App. 1982). In that decision, the court explained that the term "trailer" contained in North Carolina General Statute § 14-56 referred to "the specifically named property when being primarily used for its intended purpose," i.e., "carrying property or persons wholly on their own structure and . . . drawn by a motor vehicle." *Id.* at 364. It contrasted that definition with the meaning of "building" contained in North Carolina General Statute § 14-54, which only included "blocked up" mobile homes and "trailer[s] . . . not being used and not intended to be used . . . to haul

7

goods and personal property from place to place." *Id.* ("In the case before us the trailer was not being used and not intended to be used by the owner primarily to haul goods and personal property from place to place. It was 'blocked up' and not characterized by mobility. Under the circumstances the trailer . . . became a structure used primarily for storage of property so that it attained the status of a building within the meaning of [North Carolina General Statute § 14-54."). This kind of immobilized mobile home and trailer qualifies as a "building or structure" under *Taylor*.[2]

Because at least three prior convictions remain predicate violent felonies under provisions unaffected by the *Johnson* decision, Petitioner is not entitled to relief from ACCA enhancement. The Court need not address the post-*Johnson* status of Tennessee aggravated burglary and robbery.

## III.    REQUEST FOR CERTIFICATE OF APPEALABILITY

Section 2253 permits issuance of a certificate of appealability ("COA") where "the applicant has made a substantial showing of the denial of a constitutional right" and requires that any certificate issued "indicate which specific issue or issues satisfy [that standard]." 28 U.S.C. §§ 2253(c)(2), (3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253 is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

---

[2]    *Taylor*'s "uniform definition" was intended to "approximate" the Model Penal Code and encompass "the criminal codes of most States," *Taylor*, 495 U.S. at 598 n. 8. At the time that the Supreme Court adopted the definition, the Model Penal Code defined burglary as "enter[ing] a building or occupied structure, or separately secured or occupied portion thereof, with the purpose [of] commit[ing] a crime therein," Model Penal Code § 221.1 (1990), and defined "occupied structure" as "any structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present," *Id.* at § 221.0.

or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *see also Cox v. United States*, No. 1:00-cv-176, 2007 WL 1319270, at *1 (E.D. Tenn. May 4, 2007) (denying request for COA).

For the reasons discussed at length in the preceding Memorandum Opinion, Petitioner has made no such showing here. According, Petitioner's pro se request for a COA will be **DENIED**.

## IV. CONCLUSION

For the reasons discussed, Petitioner's pro se § 2255 petition [Doc. 30] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE